IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES MALIN KEARNEY, SR.,    :    CIVIL ACTION
        PETITIONER

VS.    :

GILBERT WALTERS,    :    NO.  02-3568
SUPERINTENDENT, ET AL,
        RESPONDENT

RESPONDENT/COMMONWEALTH'S
ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE DIANE M. WELSH, UNITED STATES MAGISTRATE JUDGE:

    Respondent, the District Attorney of Montgomery County, Bruce L. Castor, by his Deputy District Attorney, Mary MacNeil Killinger, on whom has been served an Order to file an Answer Memorandum of Law in response to the Petition for Writ of Habeas Corpus of Charles Malin Kearney, Sr., and to show cause why a Writ of Habeas Corpus should not issue as prayed for in the instant Petition, respectfully answers the Petition as follows:

    1.    Respondent denies each and every allegation of fact alleged by petitioner except those facts specifically admitted herein.

    2.    Petitioner is currently incarcerated in the State Correctional Institution at Mercer pursuant to a lawful judgment of sentence imposed

by the Court of Common Pleas of Montgomery County, Pennsylvania, Criminal division, at No. B2462-97 (See Exhibit "A").

3. On November 18, 1997, Petitioner entered a guilty plea to the charges of attempted rape, aggravated indecent assault and corruption of minors. (See Exhibit "B").

4. On June 11, 1998, the Honorable Paul Tressler sentenced Petitioner as follows: on B2462.8-97 (Attempted Rape), not less than ten (10) years and not more than twenty (20) years; on B2462.1-97 (Aggravated Indecent Assault), not less than five (5) years and not more than ten (10) years; on B2462.4-97 (Corruption of Minor), not less than one (1) year and no more than five (5) years. All three sentences were to run consecutively. (See Exhibit "C").

5. On June 26, 1998, the Honorable Paul Tressler denied the Petitioner's Motion to Modify and/or to Reconsider the Sentence imposed. (See Exhibit "D").

6. On July 1, 1998, Petitioner, by his counsel Jeanette Dickerson, Esquire, filed his Notice of Appeal. (See Exhibit "E").

7. On July 8, 1998, the Honorable Paul Tressler issued an order for a Concise Statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). (See Exhibit "F").

8. On July 17, 1998, Attorney Dickerson filed a Concise Statement of Matters Complained Of pursuant to Pennsylvania Rule of Appellate Procedure 1925 (b). (See Exhibit "G").

9. On September 14, 1998, Attorney Dickerson filed a Brief on behalf of the Petitioner with the Superior Court of Pennsylvania claiming the following errors (See Exhibit "H"):

> 1. THE COURT ERRED IN DENYING THE MOTION TO AND/OR RECONSIDER SENTENCE FOR THE FOLLOWING REASONS:
>    a. The Court failed to consider that the offense gravity score and prior record score account for the nature of the crime and the prior criminal record;
>    b. The Court failed to consider the defendant's age and remorse;
>    c. The sentence is harsh and excessive;
>    d. The sentence raises a substantial question that the fundamental norms which underlie the sentencing process have been violated

9. The Commonwealth filed a brief in response. (See Exhibit "I").

10. On February 9, 1999, the Superior Court of Pennsylvania issued a Memorandum Opinion and Order affirming Petitioner's sentence (See Exhibit "J").

11. Attorney Dickerson on Petitioner's behalf filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court (See Exhibit "K") in Forma Pauperis (See Exhibit "L"). In the Petition for Allowance of Appeal, the Petitioner raised the following claims:

> 1. THE SENTENCING COURT ERRED IN DENYING THE MOTION TO MODIFY AND/OR RECONSIDER SENTENCE AND THUS RAISED A SUBSTANTIAL QUESTION AS TO THE APPROPRIATENESS OF THE SENTENCE FOR THE FOLLOWING REASONS:
>    a. The Court failed to consider that the offense gravity score and prior record score account for

                the nature of the crime and the prior criminal record;
        b.    The Court failed to consider defendant's age and remorse.

12.    On July 21, 1999, the Pennsylvania Supreme Court denied Petitioner's Allowance for Appeal. (See Exhibit "M").

13.    On October 19, 1999, ninety (90) days after the Pennsylvania Supreme Court's denial of Allowance for Appeal, Petitioner's time to seek review from the United State Supreme Court expired.

14.    On May 30, 2002, Petitioner filed the instant Petition for a Writ of Habeas Corpus in the Eastern District of Pennsylvania (See Exhibit "N"). The Petitioner raises the following claims:

    1.    THE SENTENCING COURT ERRED IN DENYING THE MOTION TO MODIFY AND/OR RECONSIDER SENTENCE AND THUS RAISED A SUBSTANTIAL QUESTION AS TO THE FOLLOWING REASONA:
        a.    The Court failed to Consider that the offense gravity score and prior record score account for the nature of the crime and the prior criminal record;
        b.    The court failed to consider the defendant's age and remorse.
    2.    APPELLATE COUNSEL'S FAILURE TO FILE A CLAIM OF COERCED GUILTY PLEA DENIED PETITIONER A PROPER DIRECT APPEAL

15.    On July 31, 2002, the District Attorney for Montgomery County was added as a respondent. (See Exhibit "O").

16.    The instant petition has not been filed in a timely manner and therefore is barred by the one-year statute of limitations set forth in 28 USC § 2244(d)(1).

17.     Petitioner's stated grounds of relief (ground two) is also procedurally defaulted because he failed to raise the issue with the state court which is now time-barred by state appellate procedure. Accordingly, Petitioner is excused from the exhaustion requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557, n.1 , 115 L.Ed.2d 640 (1991); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). Since this claim is deemed "exhausted" because of a state procedural bar, it is procedurally defaulted. Lines, 208 F.3d at 160 (citing McCandless v. Vaughn, 172 F.3d 255, 269 (3d Cir. 1999)). If a Petitioner fails to comply with state procedural rules and is barred from litigating a claim in state court, the claim is defaulted and will only be heard upon a showing of cause and prejudice, Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996); Coleman v. Thompson, 501 U.S. 722, 750 (1991) or a fundamental miscarriage of justice, Sistrunk, 96 F.3d at 673; McCleskey v. Zant, 499 U.S. 467, 495 (1991)(citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)); Schlup v. Delo, 513 U.S. 298, 327 (1995)(citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). Petitioner has made no showing of "cause" and "prejudice," Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996), or a "miscarriage of justice," to excuse the procedural default, Sistrunk 96 F.3d at 673, this Court may not go to the merits of the barred claim.

18.     Petitioner's Constitutional rights were in no way violated; all proceedings held against the Petitioner were and have been proper, and

the Petitioner is lawfully confined pursuant to a valid judgment and order of a court of competent jurisdiction.

19. In support of the Commonwealth's Answer to the Petition for a Write of Habeas Corpus, the following exhibits are attached hereto and incorporated by reference as if fully set forth herein:

    A. Criminal Docket Entry B2462-97

    B. Notes of Testimony - Guilty plea to B2462-97

    C. Notes of Testimony - Sentencing

    D. Trial Court's Order denying Motion and/or to Reconsider Sentence

    E. Petitioner's Notice of Appeal

    F. Trial Court's Order for Concise Statement

    G. Petitioner's Concise Statement of Matters Complained Of

    H. Petitioner's Brief to the Superior Court

    I. Commonwealth's Brief to the Superior Court

    J. Superior Court's Memorandum Order and Opinion

    K. Petitioner's Allowance for Appeal with the Pennsylvania Supreme Court

    L. Petitioner's Verified Statement to Proceed in Forma Pauperis

    M. Pennsylvania Supreme Court's Order of denial of Petitioner's Allowance for Appeal

    N. Petitioner's petition for Habeas Corpus relief

    O.    Order adding the District Attorney of Montgomery County as a party respondent.

WHEREFORE, based upon the foregoing, the respondent respectfully requests that your Honorable Court deny the petitioner's petition for writ of habeas corpus.

        RESPECTFULLY SUBMITTED,

        _____
        MARY MACNEIL KILLINGER
        DEPUTY DISTRICT ATTORNEY
        CHIEF, APPELLATE DIVISION

- 8 -

Case 2:02-cv-03568-AB   Document 5   Filed 08/15/2002   Page 8 of 9

- 9 -

Case 2:02-cv-03568-AB    Document 5    Filed 08/15/2002    Page 9 of 9

- 9 -