IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MALIN KEARNEY, SR.,<br>PETITIONER | : | CIVIL ACTION |
| VS. | : | |
| GILBERT WALTERS,<br>SUPERINTENDENT, ET AL,<br>RESPONDENT | : | NO. 02-3568 |

RESPONDENT/COMMONWEALTH'S
MEMORANDUM OF LAW IN SUPPORT
OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE DIANE M. WELSH, UNITED STATES MAGISTRATE JUDGE:

I.  **PETITONER'S WRIT OF HABEAS CORPUS WAS FILED MORE THAN ONE-YEAR AFTER HIS SENTENCE BECAME FINAL, THEREFORE, THE INSTANT PETITION IS TIME-BARRED**

Petitioner filed his federal petition for habeas corpus subsequent to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") thus the provisions of the Act apply to his case. Williams v. Taylor, 529 U.S. 420, 427, 120 S. Ct. 1479, 1486 (2000). This includes a one-year limitations period from the date on which the judgment became final (excluding time spent on collateral appeal if the petition is properly filed or the constitutional issues was recognized). 28 U.S.C. § 2244(d).

The applicable starting point for the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1) is at the conclusion of direct review or

the expiration of time for seeking such review, including the time for filing a writ of certiorari in the Supreme Court. <u>Morris v. Horn</u>, 187 F.3d 333, 337 (3d Cir. 1999); <u>Kapral v. United States</u>, 166 F.3d 565, 575-577 (3d Cir. 1999). A judgment becomes final for purposes of habeas corpus when the Supreme Court of the United States concludes review, denies certiorari, or the time during which the petitioner could seek review – 90 days – expires, whether or not such review was sought. <u>See</u> <u>Stokes v. District Attorney of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir. 2001); <u>Nara v. Frank</u>, 264 F.3d 310, 317 (3d Cir. 2001).

Petitioner's Allowance for Appeal to the Pennsylvania Supreme Court was denied on July 21, 1999. Petitioner did not seek review to the United States Supreme Court; accordingly, Petitioners judgment became final on October 19, 1999 or ninety (90) days after the allowance for appeal was denied. Accordingly, Petitioner had one-year from October 19, 1999 or until October 18, 2000 to file a petition for a Writ of Habeas Corpus. Petitioner did not file such petition until May 30, 2002, well after the one-year period of limitations expired.

    A.    <u>NO COLLATERAL APPEAL OR OTHER POSTCONVICTION MOTION WAS FILED, THEREFORE, THE ONE YEAR PERIOD OF LIMITATIONS WAS NOT STATUTORILY TOLLED</u>

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner did

not seek collateral review or any other postconviction motion with any Pennsylvania Court upon his judgment becoming final. Accordingly, the one-year period of limitations in 28 U.S.C. § 2244(d) was not statutorily tolled.

  B. <u>PETITIONER'S ASSERTION THAT HE IS UNLEARNED IN LAW IS NOT ENOUGH TO SUPPORT ANY EQUITABLE TOLLING IN THIS CASE</u>

AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate in four narrow circumstances: (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum, or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff in to believing that he had done everything required of him. <u>Id.</u>.

Petitioner has failed to demonstrate how or why any of these four limited exceptions apply to him. Petitioner has merely stated that "this court must excuse the failure to take a timely appeal, on the grounds that, the Petitioner is not learned in law, and was mislead (sic) by his appointed counsel that appeal rights were finished after the State

- 3 -

Supreme Court." (Br. In Supp. of Pet. For Writ of Habeas Corpus at 4). First and foremost, Petitioner's ignorance of the law is not sufficient to invoke equitable tolling. School Dist. Of the City of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981). Petitioner must show that he exercised reasonable diligence in investigating and bringing his claims. Jones, 195 F.3d at 159 (citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998)). Further, Petitioner's excusable neglect is not enough to establish equitable tolling. Id.. Petitioner may not hang his hat on his ignorance of the law to obtain equitable tolling. Petitioner has failed to show any reasonable diligence in pursuit of his claims. Petitioner did not file this instant petition until 589 days or more than a year and a half after his time for appeal to the United States Supreme Court expired.

Equitable tolling is appropriate when the petitioner has in some "extraordinary way" been prevented from asserting his rights. Miller, 145 F.3d at 618. Even if Appellate Counsel misinformed Petitioner as to his appeal rights, this in no "extraordinary way" prevented him from asserting his rights. Petitioner must still show that he exercised reasonable diligence in investigating and bringing his claims. Id. at 618-19. Petitioner had one-year to investigate and pursue his claims and did not do so. Petitioner did not file any sort or review until more than a year and half after his judgment became final.

Petitioner's instant petition was filed well after the one-year period of limitations expired. No statutory or equitable tolling applies to Petitioner's case and accordingly, it is time-barred.

II.   <u>EVEN IF THE PETITION IS NOT TIME-BARRED, PETITIONER IS PROCEDURALLY BARRED FROM LITIGATING HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, EXCUSING THE EXHAUSTION REQUIREMENT BUT RESULTING IN A PROCEDURAL DEFAULT ON HIS CLAIM</u>

A petitioner is not entitled to Federal habeas corpus relief unless, inter alia, he "has exhausted the remedies available in the courts of the state…" 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 378 (1982); <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L.Ed.2d 438 (1971). Exhaustion of state court remedies typically requires the petitioner to have fairly presented his constitutional claims to the highest state court. Petitioner raised the following claim on direct appeal:

1.   THE COURT ERRED IN DENYING THE MOTION TO AND/OR RECONSIDER SENTENCE FOR THE FOLLOWING REASONS:
    a. The Court failed to consider that the offense gravity score and prior record score account for the nature of the crime and the prior criminal record;
    b. The Court failed to consider the defendant's age and remorse;
    c. The sentence is harsh and excessive;
    d. The sentence raises a substantial question that the fundamental norms which underlie the sentencing process have been violated

All other claims are defaulted. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (citing <u>Picard</u> <u>supra</u>); <u>Chaussard v. Fulcomer</u>, 816 F.2d 925, 928 (3d Cir. 1987); <u>Carter v. Vaughn</u>, 62 F.2d 591, 594 (3d Cir. 1995)(citing <u>Story v. Kindt</u>, 26 F.2d 402, 405 (3d Cir. 1994)).

In this case, Petitioner must have raised the ineffective assistance of appellate counsel claim during collateral review pursuant to the Post Conviction Relief Act (PCRA) to properly exhaust all claims. 42 Pa.C.S. § 9544(a)&(b). However, Petitioner is no longer able to raise these issues on a PCRA petition because it would be beyond the PCRA's one-year statute of limitation and therefore, would be untimely. 42 Pa. C.S.A. § 9545(b)(1). Accordingly, Petitioner's procedural bar from returning to state court excuses the exhaustion requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557, n.1 , 115 L.Ed.2d 640 (1991); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000).

Since this claim is deemed "exhausted" because of a state procedural bar, it is procedurally defaulted. Lines, 208 F.3d at 160 (citing McCandless v. Vaughn, 172 F.3d 255, 269 (3d Cir. 1999)). If a petitioner fails to comply with state procedural rules and is barred from litigating a claim in state court, the claim is defaulted and will only be heard upon a showing of cause and prejudice, Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996); Coleman v. Thompson, 501 U.S. 722, 750 (1991) or a fundamental miscarriage of justice, Sistrunk, 96 F.3d at 673; McCleskey v. Zant, 499 U.S. 467, 495 (1991)(citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)); Schlup v. Delo, 513 U.S. 298, 327 (1995)(citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

To establish cause the Petitioner must show that some objective factor external to the defense impeded efforts to comply with the State's

procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Examples of "cause" that are "external to the defense" include interference by the state with the conduct of the defense or the previous unavailability of the factual or legal basis of a claim. <u>Cristin v. Brennan</u>, 281 F.3d 404, 420 (3d Cir. 2002).

The cause raised by the Petitioner in the present case is that the Petitioner is not learned in law and was misled by his appointed counsel that appeal rights were finished after the State Supreme Court. As to Petitioner's claim that he is not learned in law, it is well settled that "ignorant or inadvertent procedural default" does not satisfy the cause element of cause and prejudice. <u>Id.</u> (citing <u>Coleman</u>, 501 U.S. at 752). Accordingly, Petitioner's lack of legal knowledge is insufficient to satisfy the cause prong in "cause and prejudice."

As to Petitioner's counsel allegedly indicating that Petitioner's appeal rights were finished, it does not rise to the level as to constitute an external factor that interferes with Petitioner's ability to file a PCRA petition. While ineffective assistance of counsel can be cause for procedural default, the attorney's ineffectiveness must rise to the level of a Sixth Amendment violation. <u>Cristin</u>, 281 F.3d at 420. While Appellate counsel's failure to raise the issue of a coerced plea on direct appeal might be tantamount to an ineffective assistance of counsel claim, it affects Petitioner's direct appeal only. Petitioner has failed to show how

he was precluded or impeded from complying with the States' procedural rules on collateral appeals by the attorney's alleged statements.

The "fundamental miscarriage of justice" exception only applies when a constitutional violation has caused the conviction of an innocent person. See McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454 (1991). This exception requires that the petitioner supplement his claims with a "colorable showing of factual innocence." Id. at 495. The burden is on the petitioner to show that " a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Murray, 477 U.S. at 496). Petitioner is this case has not met his burden. Petitioner only submits a conclusory statement that he "has proffered new evidence that would absolve him of guilt for the crime of which he was convicted." (Br. In Supp. of Pet. For Writ of Habeas Corpus at 5). No other evidence, other than this conclusory statement, is offered to supplement a "colorable showing of factual innocence."

Petitioner attempts to support his claim of fundamental miscarriage of justice by citing United States v. Garth, 188 F.3d 99 (3d Cir. 1999). Garth held that, in certain circumstances, the lack of new evidence is not necessarily fatal to an argument that a petitioner is actually innocent. Garth, 188 F.3d at 110 n.13. Petitioner argues that similar to Garth "the United States Supreme Court has reinterpreted the statute under which the Petitioner was convicted requiring more conduct

than was allegedly committed. As such, there is a colorable argument that Petitioner in this case, was actually innocent of the crime" (Br. In Supp. of Pet. For Writ of Habeas Corpus at 5). However, Petitioner has failed to cite any case which elaborates on any reinterpretation of the statute for which he was convicted and sentenced. Further, the Commonwealth's has failed to find any reinterpretation of the statute, under which Petitioner was convicted, by the United States Supreme Court or the Pennsylvania Supreme Court.

For the reasons elaborated above, Petitioner has procedurally defaulted on his claim of ineffective assistance of counsel and his petition for a Writ of Habeas Corpus should be denied.

III. <u>EVEN IF PETITION IS NOT TIME-BARRED, PETITIONER'S REMAINING CLAIMS ON THE SENTENCING COURT'S DENIAL OF MOTION TO MODIFY WAS NOT AN UNREASONABLE APPLICATION OF FEDERAL LAW OR A DECISION BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING</u>

Title 28 U.S.C. § 2254(d) as amended by AEDPA provides that habeas relief shall not be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In order to succeed, petitioner must demonstrate to this court that Supreme Court precedent requires the contrary outcome; disagreement with a reasonable state court interpretation of the applicable precedent is insufficient. <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999)(enbanc), certiorari denied sub nom, <u>Matteo v. Brennan</u>, 528 U.S. 824, 120 S. Ct. 73, 145 L.Ed.2d 62 (1999). An interpretation may be incorrect but not "unreasonable." <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir. 2001) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 409-10, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000)). If the court determines that the state decision was not "contrary to" the applicable body of Supreme Court law, either because the decision complies with the governing rule or because no such rule has been established, then the court proceeds to the second

step: analyzing whether the decision was based on an "unreasonable application" of Supreme Court precedent. Matteo, 171 F.3d at 889.

In conducting the above analysis, the state court's factual findings are to be accorded a presumption of correctness, "which the petition can overcome only by clear and convincing evidence." Id.; See also 28 U.S.C. § 2254(e)(1). This presumption applies to both state trial and appellate courts. Id..

Petitioner has failed to raise a cognizable Federal claim in his brief. It appears from Petitioner's brief that Petitioner would like this Honorable Court to reexamine the state court's determination. Petitioner cites only Pennsylvania case law and it would appear that such reexamination would be on state-law questions. Federal Habeas Corpus relief "does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). It is not the province of a Federal Habeas Court "to reexamine state-court determinations on state law questions." Id. at 67-68. Therefore, it is not for this Honorable Court to determine if the Pennsylvania courts have correctly decided Petitioner's claim based on state law.

Petitioner has failed to cite or elaborate on which, if any, clearly established Federal law has been unreasonably applied or what unreasonable determination of the facts has been made. No United States Supreme Court or any Federal law precedent has been cited and no showing that this precedent was clearly established has been produced by Petitioner. No Habeas Corpus relief will be granted unless

the petitioner can show that the legal determinations made by the state court are "contrary to" or an "unreasonable application" of clearly established Federal Law. Petitioner has failed to make such a showing and his petition for Habeas Corpus relief should be denied.

                RESPECTFULLY SUBMITTED,

                _____
                MARY MACNEIL KILLINGER
                DEPUTY DISTRICT ATTORNEY
                CHIEF, APPELLATE DIVISION