IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MALIN KEARNEY, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GILBERT WALTERS, et al. | : | NO. 02-3568 |

REPORT AND RECOMMENDATION

DIANE M. WELSH                                                                December 20, 2002
UNITED STATES MAGISTRATE JUDGE

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Charles Malin Kearney, Sr. pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Regional Correctional Facility in Mercer, Pennsylvania. For the reasons which follow, the present petition should be dismissed.

**BACKGROUND**[1]

On November 18, 1997, in the Court of Common Pleas of Montgomery County, petitioner entered a plea of guilty to the charges of attempted rape, aggravated indecent assault and corruption of minors. See N.T. Guilty Plea Hr'g 11/18/97, at 1-23; Commonwealth v. Kearney, No. 2159 Phila. 1998, Mem. Op. at 1 (Pa. Super. filed Feb. 9, 1999). On June 11, 1998, he was sentenced to consecutive terms of imprisonment of one to five (1-5) years for the corruption of minors conviction, ten to twenty (10-20) years for attempted rape, and five to ten

---

1. Unless otherwise cited, the following facts were compiled from the habeas petition, the Answer thereto of the District Attorney of Montgomery County, and the copy of the state court record forwarded to this Court by the Clerk of the Court of Common Pleas of Montgomery County.

(5-10) years for aggravated indecent assault. Id.; see N.T. Sentencing Hr'g 6/11/98, at 1-30. He was also ordered to complete a sexual offenders program while in prison. See Pa. Super. Ct. Op. filed 2/9/99, at n.1. Petitioner then filed a motion for modification and/or reconsideration of sentence that was denied by the trial court. Id. at 1.

Petitioner filed a direct appeal in the Superior Court of Pennsylvania, and on February 9, 1999, the Superior Court affirmed the judgment of sentence. Id. at 5. His request for allowance of appeal on direct review was denied by the Supreme Court of Pennsylvania on July 21, 1999. See Commonwealth v. Kearney, 740 A.2d 1144 (Pa. 1999) (table). Petitioner does not allege that he filed a petition for certiorari in the United States Supreme Court. Indeed, respondent alleges and petitioner does not deny that the time for seeking review from the United States Supreme Court expired on October 19, 1999, ninety days after the Pennsylvania Supreme Court's denial of allowance of appeal. See Resp. to Hab. Pet. ¶ 13. Petitioner acknowledges that he did not file a petition for collateral review in the Pennsylvania courts. See Hab. Pet. at 9 ¶ 9.

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28 U.S.C. § 2244(d)(1). Under § 2244, this one-year limitation period during which a habeas petition must be filed begins to run, with certain exceptions which do not apply here, after the completion of direct review of the judgment of the state court. Id. Furthermore, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2).

In the present case, the judgment of conviction became final on October 19, 1999, when the time for seeking review in the United States Supreme Court expired.[2] See Kapral, 166 F.3d at 576 (holding that on direct review the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the Unites States Supreme Court). Therefore, petitioner had one-year after October 19, 1999, plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner did not file the present habeas petition until, at the earliest, May 16, 2002,[3] more than two and a half years after October 19, 1999 and more than one and a half years after the AEDPA's period of limitation expired. Therefore, unless the period of limitation was tolled, the present petition was untimely filed, since petitioner failed to file his § 2254 petition within

---

2. As explained above, petitioner's request for allowance of appeal on direct review was denied by the Supreme Court of Pennsylvania on July 21, 1999. See Commonwealth v. Kearney, 740 A.2d 1144 (Pa. 1999) (table). Pursuant to Supreme Court Rule 13, petitioner had 90 days after that date, or until Oct. 19, 1999, to petition for certiorari review to the United States Supreme Court. See Nara v. Frank, 264 F.3d 310, 318 (3d Cir. 2001); Kapral v. United States, 166 F.3d 565, 571 n.3 (3d Cir. 1999).

3. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court. Here, petitioner signed his habeas petition and his memorandum on May 16, 2002. See Hab. Pet. at 12; Petitioner's Mem. at 9. Therefore, he could not have delivered the petition any earlier than that date.

one year after his judgment of conviction became final. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Since petitioner did not file a petition for collateral review in the Pennsylvania courts, see Hab. Pet. at 9 ¶ 9, the AEDPA's period of limitation was not tolled pursuant to 28 U.S.C. § 2244(d)(2). Petitioner argues, however, that the Court should apply equitable tolling in this case because "[h]e was forced to go with counsel's suggestion that, [sic] his appeals are final." See Petitioner's Mem. at 2. Petitioner argues that the Court should "excuse the failure to take a timely appeal, [sic] on the ground that, the Petitioner is not learned in law, and was mislead by his appointed counsel that appeal rights were finished after the State Supreme Court [sic]." Id. at 4.

The Third Circuit Court of Appeals has determined that the AEDPA's one-year filing requirement is a statute of limitations and thus is subject to equitable tolling in extraordinary circumstances. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller, 145 F.3d at 618. In Miller, the Court observed that "equitable tolling is proper only when the 'principles of equity would make the rigid application of a limitation period unfair.'" Jones, 195 F.3d at 159 (quoting Miller, 145 F.3d at 618). Generally, this will occur when the petitioner has in some "extraordinary way . . . been prevented from asserting his or her rights." Jones, 195 F.3d at 159 (quoting Miller, 145 F.3d at 618). The Miller Court further noted that "the petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims" and that "[m]ere excusable neglect is not sufficient." Jones, 195 F.3d at 159 (quoting Miller, 145 F.3d at 618). Furthermore, "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse prompt filing." Pfeil v. Everett, 2001 WL 618209, at *5 (10th Cir. June 6, 2001),

4

cert. denied, 122 S. Ct. 572 (2001); see United States v. Bruce, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002).

As the Court in Jones stated: "In the final analysis, . . . 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). Thus, "[t]he law is clear that courts must be sparing in their use of equitable tolling." See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)).

In the present case, petitioner fails to allege the requisite extraordinary circumstances which would warrant equitable tolling of the AEDPA's period of limitation. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S. Ct. 323 (2001); see also Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding no equitable tolling for petitioner who relied on mistaken advice of counsel in calculating federal filing deadline, even where counsel's mistake was "innocent"); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (finding lawyer's inadequate research, which let to miscalculating the deadline, did not warrant equitable tolling). "Attorney error is not a basis for equitable tolling in the Third Circuit because it does not rise to the level of the extraordinary circumstances which must be present for equitable tolling to apply." Manning v. Blaine, 2001 WL 1491066, at *2 (E.D. Pa. Nov. 21, 2001) (holding that equitable tolling was not warranted where petitioner alleged that he relied on attorney's incorrect advice regarding the deadline imposed as a result of the AEDPA's period of limitation); see, e.g.

5

Bruce, 2002 WL 31757938, at *1 (holding that period of limitation should not be invoked where counsel failed to file a notice of appeal as requested by petitioner).

Furthermore, petitioner has failed to allege circumstances showing that he "exercised reasonable diligence in investigating and bringing [his] claims." See Jones, 195 F.3d at 159; Miller, 145 F.3d at 618-19. Indeed, petitioner does not appear to allege any steps taken to attempt to investigate and bring his claims. Nor is ignorance of the law or lack of legal skill sufficient to warrant equitable tolling. Bruce, 2002 WL 31757938, at *1; Pfeil, 2001 WL 618209, at *5; see, e.g., United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999), cert. denied, 528 U.S. 1197 (2000); Fadayiro v. United States, 30 F. Supp.2d 772, 781 (D. N.J. 1998).

Therefore, petitioner has failed to allege circumstances warranting equitable tolling. In particular, he has failed to allege circumstances wherein he has "in some extraordinary way" been prevented from asserting his rights, and he has failed to allege circumstances showing that he "exercised reasonable diligence" in bringing his claims. See Jones, 195 F.3d at 159; Miller, 145 F.3d at 618-19; see also Pfeil, 2001 WL 618209, at *3 (AEDPA's statute of limitations may be equitably tolled, but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Thus, neither equitable nor statutory tolling of the AEDPA's period of limitation is warranted in this case. Accordingly, since petitioner failed to file his § 2254 petition within the one-year limitation period, the petition should be dismissed as untimely filed. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111; see also Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982) (petitioner has burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief).

## RECOMMENDATION

AND NOW, this _____ day of December, 2002, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and respondent's Answer thereto, for the reasons given in the accompanying Report, IT IS RECOMMENDED that the habeas petition be DISMISSED as untimely filed.

_____
DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MALIN KEARNEY, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GILBERT WALTERS, et al. | : | NO. 02-3568 |

## O R D E R

AND NOW, this        day of                          , 2002, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and respondent's Answer thereto, and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED and untimely filed.

BY THE COURT:

_____
ANITA B. BRODY, J.